UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCUS ALLEN LEE<br><br>Defendant. | 4:19-CR-40001-01-KES<br><br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant, Marcus Allen Lee, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dockets 49, 51. Plaintiff, the United States of America, opposes the motion. Docket 55. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

On June 21, 2019, Lee pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) and (g)(3). Dockets 31, 32. On September 9, 2019, the court sentenced Lee to 33 months in custody and 3 years of supervised release. Docket 45; Docket 46 at 2-3. His projected date of release is January 11, 2022. Docket 52 at 51.

Lee is incarcerated at the United States Penitentiary Leavenworth (USP Leavenworth) in Leavenworth, Kansas. Docket 49 at 2. The total population at USP Leavenworth is 1,535 persons. Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/lvn/ (last visited Jan. 21, 2021) As of January 25, 2021, there are currently 14 active COVID-19 cases among USP Leavenworth's inmates and staff, 2 inmate deaths from COVID-19, and

730 inmates and 5 staff have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited on Jan. 25, 2021).

Lee is 28 years old. Docket 52 at 50. Lee claims that due to his severely weakened immune system as a result of his drug abuse, he is more vulnerable to COVID-19. Docket 51 at 2.

On August 31, 2020, Lee wrote a letter to the warden requesting he be considered for compassionate release due to COVID-19. Docket 49 at 1; Docket 51 at 6-11. On October 1, 2020, the warden denied Rodger's request. Docket 51 at 12. On October 19, 2020, Lee filed a pro se motion with the court for relief under the First Step Act. Docket 49.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C.

2

§ 3582(c)(1)(A).

The Sentencing Commission's policy statement, which was promulgated before the FSA was passed, requires both "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the safety of others. USSG § 1B1.13(1)-(2) (Nov. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Lee argues that the global COVID-19 crisis and his susceptibility to illness satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 49 at 2; Docket 51.

## I.     Administrative Exhaustion

Previously, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Lee submitted a request for compassionate release due to COVID-19 on August 31, 2020. Docket 49 at 1; Docket 51 at 6-11. The warden denied the request on October 1, 2020. Docket 51 at 12. Having presented his request to

3

the warden and being denied, and hearing no objection from the United States, the court will presume Lee has satisfied the administrative exhaustion requirement and review the matter on the merits.[1]

## II.   Extraordinary and Compelling Reasons

Though section 3582(c)(1)(A)(i) provides for compassionate release upon a showing of "extraordinary and compelling reasons," Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion "the criteria to be applied and a list of specific examples." *Id.* As directed, the Sentencing Commission did so by limiting "extraordinary and compelling reasons" to four scenarios. USSG § 1B1.13, cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* A fifth catch-all category also exists for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. USSG § 1B1.13, cmt. n.1(D).

The Sentencing Commission's guidance in § 1B1.13 was provided prior

---

[1] The warden's response states that if Lee is not satisfied with the decision, he may commence an appeal through the administrative remedy process. Doc. No. 51 at 12. There is no indication that Lee appealed the decision administratively.

4

to the passage of the FSA amending section 3582(c)(1)(A) and has not been updated because the commission lacks a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the previous policy statement still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear Congress intended to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement.

Because the FSA changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7,

5

2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Loggins,* 966 F.3d 891, 892 (8th Cir. 2020) ("We need not decide whether the statute supersedes the policy statement in this respect . . . ."); *United States v. Rodd,* 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13.").

Lee contends that due to his severely weakened immune system as a result of past drug abuse, he is more vulnerable to COVID-19, therefore satisfying the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 51 at 2. Though Lee did not specifically address the categories of "extraordinary and compelling reasons" under USSG § 1B1.13, the court will analyze his circumstances under the medical conditions category, USSG § 1B1.13 comment note 1(A), and the catch-all provision, USSG § 1B1.13 comment note 1(D).

Assuming the court's discretion to consider compassionate release is at least as broad, if not more so, as the outdated policy statement of the Sentencing Commission, Lee has failed to show that his reasons for release rise to the level of "extraordinary and compelling" circumstances justifying a reduction in sentence.

### A. Medical Conditions Category, Note 1(A)

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. The Centers for Disease Control and Prevention ("CDC") has identified the following conditions as ones that *do* pose an

6

increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, Down syndrome, heart conditions, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), pregnancy, sickle cell disease, smoking, and Type 2 diabetes. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated Dec. 29, 2020). The CDC advises that other medical conditions *may* pose an increased risk of severe illness from COVID-19, including, moderate to severe asthma, cystic fibrosis, hypertension or high blood pressure, liver disease, overweight, Type 1 diabetes, and several others. *Id.*

The court has reviewed the medical records submitted in this case. Lee's medical conditions include a skin rash and an internal derangement of his left knee. Docket 52 at 27. None of Lee's medical conditions are among those identified by the CDC as increasing or potentially increasing the risk of severe illness from COVID-19. His medical records also reflect minimal clinic visits and prescribed medications, which leads the court to believe that Lee is generally healthy. *See id.* at 8-21. Neither is there any indication that his medical conditions prevent Lee from providing self-care within the correctional facility.

### B. Catch-all Category, Note 1(D)

Review under the catch-all category in Note 1(D) does not result in a different outcome. The catch-all category allows for release if there are

extraordinary and compelling reasons other than, or in combination with, those identified in 1(A) through 1(C). USSG § 1B1.13, comment. n.1(D). The court has considered Lee's motion and the information on file. Taken together, there is nothing to convince the court that extraordinary and compelling reasons exist to release Lee from custody early. In sum, Lee has fallen far short of demonstrating extraordinary and compelling reasons for relief.

### III.  Sentencing Factors of § 3553(a)

Although the court need not consider the 3553(a) factors because Lee's circumstances fail to meet the high bar of "extraordinary and compelling reasons" warranting a sentence reduction, such sentencing factors underscore the point.

The sentencing factors in § 3553(a) do not weigh in favor of a reduction. Lee pleaded guilty to possession of a firearm by a prohibited person. Dockets 31-32. During a traffic stop, a firearm was found in Lee's vehicle. Docket 40 ¶ 7. The firearm was determined to be a 9mm caliber semi-automatic handgun. *Id.* In addition, 8 live rounds of federal brand 9mm ammunition were also found in his vehicle. *Id.* His offense level was a 15 and he was in criminal history category VI. *Id.* ¶¶ 21, 36. The guideline range for his sentence was 41-51 months in custody. *Id.* ¶ 70. The court sentenced him below his guideline range to 33 months in custody. Docket 46 at 2. Lee has served approximately 40.6% of his full term and 47.6% of his statutory term. Docket 52 at 52.

After careful consideration, the court concludes Lee's sentence of 33 months in custody with 3 years of supervised release continues to be

appropriate for the seriousness of the crimes to which he pleaded guilty.

## CONCLUSION

Lee has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 49) is denied.

Dated January 25, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE